■ HITOMI KAWASAKI, Appellant, v HERTZ CORPORATION et al., Respondents. [604 NYS2d 110] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered April 28, 1992, which granted plaintiff's motion to renew, and upon renewal adhered to an earlier determination granting defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, defendants' motion is denied, and the complaint is reinstated, without costs.

On November 23, 1987, plaintiff was struck by an automobile owned by defendant Hertz and operated by defendant Salant. The question here presented is whether the IAS Court correctly granted defendants' motion for summary judgment on the ground that plaintiff failed to demonstrate, prima facie, that she suffered a "serious injury" within the meaning of Insurance Law § 5102 (d), which as here pertinent includes a "significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment."

Plaintiff claimed in her affidavit in opposition to the defendants' motion for summary judgment and in her EBT testimony that she was required to wear a neck brace, belt and corset for at least six months following the accident because of severe pain in her neck, which left her unable to work as a

street vendor for approximately eight months, and unable to engage in sports activities that she had participated in prior to the accident. A CT-Scan report from David L. Milbauer, M.D. contained a "Finding" that plaintiff has "a focal soft tissue density within the ventral aspect of the [spinal] canal at the C5-6 level (image 7 and image 25) compatible with a small midline posterior disc herniation," and the doctor's "Impression" that the "CT scan demonstrates a small midline posterior disc herniation at the C5-6 level, associated with a loss of the lordotic curvature and mild scoliosis."

Dr. Robert F. Coreth, plaintiff's treating chiropractor, averred in his affidavit "that the herniated disc is causally related to the automobile accident of November 23, 1987 [and that] in addition to the herniated disc, plaintiff has pain and a significant limitation of motion of the cervical spine, which is permanent." Dr. Nathaniel Shafer's affidavit described his treatments of plaintiff from December 1987 through June 1988, and his finding that plaintiff "had tenderness over the cervical, upper dorsal and lumbar spine, with pain radiating not only up through her neck to the skull, but also down her left leg. * * * Mrs. Kawasaki also suffered from severe limitation of movement of her head and neck to less than fifteen (15) degrees in all directions. Mrs. Kawasaki had abnormal coordination, with a positive Romberg. In addition, her deep tendon reflexes were generally decreased." (Compare, Zoldas v Louise Cab Corp., 108 AD2d 378, 384 [summary judgment granted to defendant where plaintiff returned to work one week after accident; plaintiff's physician found " 'fairly good range' " of movement and symmetrical reflexes].) Defendants submitted medical affidavits purporting to find no serious injury to the plaintiff, but these were only sufficient to raise questions of fact, and did not warrant summary judgment in defendants' favor.

Thus, we conclude that there are at best factual questions as to whether plaintiff's injuries prevented her from performing substantially all of the material acts constituting her usual and customary daily activities for not less than 90 days during the 180 days after the accident, and whether she suffered "significant limitation of use of a body function or system." (Insurance Law § 5102 [d].) As to the latter category of "serious injury" the Court of Appeals has stated (Lopez v Senatore, 65 NY2d 1017, 1020): "Where the treating physician, in an affidavit supported by exhibits, has set forth the injuries and course of treatment, identified a limitation of movement of the neck of only 10 degrees to the right or left, and on that

predicate expressed the opinion that there was a significant limitation of use of a described body function or system, such evidence was sufficient for the denial of summary judgment to defendants. The medical reports and deposition testimony submitted by defendants at best gave rise to questions of credibility, precluding summary judgment for plaintiff." Concur—Carro, J. P., Rosenberger, Ellerin and Asch, JJ.