■ NANCY SAVATTERE et al., Appellants, v EVA BARNATHAN, Respondent. [720 NYS2d 386] —In an action to recover damages for personal injury, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated January 31, 2000, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the plaintiff Nancy Savattere did not sustain a medically-determined injury which prevented her from performing substantially all of the material acts constituting her usual and customary daily activities for not less than 90 of the 180 days immediately following the underlying accident, and denied that branch of their cross motion for summary judgment on that issue.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant met her initial burden of demonstrating that the plaintiff Nancy Savattere did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). It was, therefore, incumbent upon the plaintiffs to come forward with sufficient evidence to create an issue of fact as to whether the injured plaintiff sustained a medically-determined injury which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 of the 180 days immediately following the underlying accident (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957). The plaintiffs failed to do so.

The affirmation of the injured plaintiff's treating physician was tailored to meet statutory requirements, and, as such, was insufficient to raise a triable issue of fact (*see, Grossman v Wright,* 268 AD2d 79; *Powell v Hurdle,* 214 AD2d 720). Moreover, the injured plaintiff's subjective complaints of pain and disability were insufficient to raise a genuine issue of fact in this matter (*see, Kauderer v Penta,* 261 AD2d 365). O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.