■ ALLAN LEVINS, Appellant, v BEVERLY BOYARSKY et al., Respondents. [725 NYS2d 230] —In an action, *inter alia,* to recover damages for defamation, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated February 17, 2000, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint and denied his cross motion for summary judgment, and (2) from an order of the same court, dated July 18, 2000, which denied his mo-

tion, denominated as one for leave to reargue and renew, which was, in actuality, a motion for leave to reargue.

Ordered that the appeal from the order dated July 18, 2000, is dismissed, as no appeal lies from an order denying a motion for leave to reargue; and it is further,

Ordered that the order dated February 17, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appellant's motion, denominated as one for leave to reargue and renew, was, in actuality, one for leave to reargue because it was not based upon new facts that were unavailable at the time of the original motion (*see, Piacentini v Mineola Union Free School Dist.,* 279 AD2d 513; *McCorvey v Schoulder,* 273 AD2d 207; *Daly v Messina,* 267 AD2d 345). Accordingly, the appeal from the order dated July 18, 2000, must be dismissed, as no appeal lies from an order denying a motion for leave to reargue (*see, Schumer v Levine,* 208 AD2d 605; *DeFreitas v Board of Educ.,* 129 AD2d 672).

Contrary to the appellant's contention, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. The challenged statements were subject to a qualified privilege which protects communications between persons with a common interest in the same subject matter (*see, Foster v Churchill,* 87 NY2d 744, 751; *Hollander v Cayton,* 145 AD2d 605). Moreover, there was no demonstration of constitutional or common-law malice sufficient to overcome the qualified privilege (*see, Foster v Churchill, supra; Thanasoulis v National Assn. for Specialty Foods Trade,* 226 AD2d 227; *Hollander v Cayton, supra*).

The appellant's remaining contentions are without merit. O'Brien, J. P., Altman, Luciano and Adams, JJ., concur.