■ YOLANDA LOPEZ et al., Appellants, v LEON CARPIO-CEBALLO et al., Respondents. [799 NYS2d 191]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered May 3, 2004, which granted defendants' motions for summary judgment and dismissed the complaints of plaintiffs Lopez and Flores on the ground that they had not suffered "serious injury," unanimously affirmed, without costs.

Defendants met their burden of establishing prima facie that Lopez and Flores had not suffered serious injury within the meaning of Insurance Law § 5102 (d). They met this burden by submitting the affirmed medical reports of their orthopedist. Those reports detailed the results of physical examinations of Lopez and Flores, including objective tests indicating that Lopez had resolved sprains of the lumbar spine, left shoulder and left hand, and normal use of the left leg, and that Flores had resolved sprains of the right shoulder, lumbar spine and cervical spine. The doctor concluded that neither of these plaintiffs had a disability and both were fully capable of performing all their activities. In addition, defendants submitted plaintiffs' deposition testimony in which Lopez and Flores admitted that each had missed only a few days of work, had returned to her job as a packer in a factory, and had resumed her regular schedule. This evidence was sufficient to establish prima facie entitlement to summary judgment (*Gaddy v Eyler*, 79 NY2d 955, 956 [1992]; *Licari v Elliott*, 57 NY2d 230 [1982]; *see also Lashway v Groshans*, 241 AD2d 832, 834 [1997]). Since plaintiffs failed to raise an issue of fact in opposition, the motions were properly granted (*see Shinn v Catanzaro*, 1 AD3d 195, 197 [2003]). Given that Lopez specifically informed defendants' physician that her claimed injuries were to her left shoulder and left arm, her present claim that the doctor should have examined her right shoulder and right arm is unavailing.

We have considered plaintiffs' remaining claims and find them unavailing. Concur—Marlow, J.P., Ellerin, Nardelli and Sweeny, JJ.