■ FATIMAT TALABI et al., Respondents, v MAMADOU D. DIALLO et al., Appellants. [820 NYS2d 904]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Johnson, J.), dated September 15, 2005, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff Fatimat Talabi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

In support of their motion for summary judgment dismissing the complaint, the defendants failed to make a prima facie showing that the plaintiff Fatimat Talabi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The defendants never addressed the claim, clearly set forth in the bill of particulars, that Talabi sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The defendants' neurologist and orthopedist each examined the plaintiff on April 22, 2005, some 18 months post accident. Although both doctors stated that Talabi was not disabled when they examined her, neither doctor addressed the possibility that she had a medically determined injury or impairment immediately following the accident that affected her activities during the 180 days im-

mediately following the accident (*see Sayers v Hot*, 23 AD3d 453 [2005]). Since the defendants failed to satisfy their prima facie burden, it is unnecessary to consider whether the plaintiffs' papers in opposition were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.