■ CHIZUKO NAKANISHI, Respondent, v ASAZ SADAQAT et al., Appellants. [826 NYS2d 373]—In an action to recover damages for personal injuries, the defendants Asaz Sadaqat and Midi Taxi, Inc., appeal, and the defendants Nissan Infinity, LT, and the defendants Danielle L. Corsaro and Richard R. Corsaro separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated September 19, 2005, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

While we affirm, we do so on a ground other than that relied upon by the Supreme Court in the order appealed from. Contrary to the Supreme Court's holding, the defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d)

(*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants relied on the same evidentiary submissions in their attempts to establish their prima facie burdens. Their submissions included only one affirmed medical report. Although the defendants' neurologist recorded in this report, dated October 21, 2004, that the plaintiff had not worked since the subject accident, a period of time of more than a year and a half, he never addressed one of the major allegations contained in the plaintiff's bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see Talabi v Diallo*, 32 AD3d 1014 [2006]; *Sayers v Hot*, 23 AD3d 453 [2005]; *Nembhard v Delatorre*, 16 AD3d 390 [2005]).

Since the defendants failed to establish their prima facie burdens in the first instance, it is unnecessary to reach the question of whether the plaintiff's papers were sufficient to raise a triable issue of fact (*see Talabi v Diallo, supra*; *Sayers v Hot, supra*; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Adams, J.P., Santucci, Mastro and Lifson, JJ., concur.