■ MARIE T. JOCELYN, Appellant, v SINGH AIRPORT SERVICE et al., Respondents, et al., Defendants. [826 NYS2d 434]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated November 14, 2005, which granted the separate motions of the defendants Singh Airport Service and Phyllis S. Fichtenholtz for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, and the motions for summary judgment dismissing the complaint are denied.

The defendants Singh Airport Service and Phyllis S. Fichtenholtz failed on their separate motions for summary judgment to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' medical experts, in their reports attached to the respective moving papers, never addressed the claim, clearly set forth in the plaintiff's verified bill of particulars, that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The defendants' respective physicians each first examined the plaintiff more than three years after the accident. Although all of the physicians stated that the plaintiff was not disabled when they examined her, none of them addressed the possibility that she had a medically determined injury or impairment immediately following the accident that affected her activities during the 180 days immediately following the accident (*see Talabi v Diallo*, 32 AD3d 1014 [2006]; *Volpetti v Yoon Kap*, 28 AD3d 750, 751 [2006]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]). Since the defendants failed to establish their respective prima facie burdens, it is unnecessary to consider whether the plaintiff's papers in opposition were sufficient to raise a triable issue of fact (*see Talabi v Diallo, supra*; *Volpetti v Yoon Kap, supra*; *Sayers v Hot, supra*; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Crane, Rivera, Skelos and Lunn, JJ., concur.