■ JILL HOLTZMAN, Appellant, v AMPARO BISHOP et al., Respondents. [828 NYS2d 135]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated July 5, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). While the defendants' examining orthopedist set forth his range of motion findings concerning the plaintiff's lumbar spine in his affirmed medical report, he failed to compare those recorded ranges of motion with normal ranges of motion (*see Mondi v Keahon,* 32 AD3d 506 [2006]; *Benitez v Mileski,* 31 AD3d 473 [2006]; *Abraham v Bello,* 29 AD3d 497 [2006]; *Yashayev v Rodriguez,* 28 AD3d 651 [2006]; *Sullivan v Dawes,* 28 AD3d 472 [2006]; *Browdame v Candura,* 25 AD3d 747 [2006]; *Paulino v Dedios,* 24 AD3d 741 [2005]; *Kennedy v Brown,* 23 AD3d 625 [2005]). Furthermore, the defendants never adequately addressed the claim that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The defendants' examining neurologist and orthopedist each examined the plaintiff more than four years post accident. Although both

doctors stated that she was not disabled when they examined her, neither doctor addressed the possibility that she had a medically-determined injury or impairment immediately following the accident that affected her activities during the 180 days immediately following the accident (*see Talabi v Diallo*, 32 AD3d 1014 [2006]; *Sayers v Hot*, 23 AD3d 453 [2005]). While the defendants' examining radiologist reviewed the magnetic resonance imaging films taken of the plaintiff's cervical and lumbar spine in July 2000, the plaintiff's claimed injuries went beyond merely those regions of her spine. Therefore, the affirmed medical report of the defendants' examining radiologist did not rule out the fact that the plaintiff may have sustained a medically-determined injury to those other areas of her body alleged to have been injured as a result of the subject accident.

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Mondi v Keahon, supra; Talabi v Diallo, supra; Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Miller, J.P., Krausman, Spolzino, Fisher and Dillon, JJ., concur.