■ EDWIN PIJUAN, Appellant, v FRANCISCO BRITO, Respondent. [828 NYS2d 427]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated November 14, 2005, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

In support of his motion for summary judgment dismissing the complaint, the defendant failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The defendant never addressed the claim, clearly set forth in the plaintiff's verified bill of particulars, that the plaintiff sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The defendant's examining orthopedist evaluated the plaintiff on March 14, 2005, almost four years after the accident. Although he stated that the plaintiff was not disabled when he examined the plaintiff, he never addressed the possibility that the plaintiff had a medically-determined injury or impairment immediately following the subject accident that affected his activities during the 180 days immediately following the accident (*see Talabi v*

*Diallo*, 32 AD3d 1014, 1014-1015 [2006]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]).

The affirmed medical report of the defendant's examining radiologist also did not establish the absence of a serious injury under this category of Insurance Law § 5102 (d). The defendant's radiologist admitted in his report that upon his review of the magnetic resonance imaging film of the plaintiff's cervical spine, taken shortly after the subject accident, there was a tiny disc bulge at C5-6. This report did not concern any injuries or impairments that may have occurred to the plaintiff's lumbar spine during the 180 days immediately following the subject accident. Therefore, the affirmed medical report of the defendant's examining radiologist did not rule out the possibility that the plaintiff may have sustained a medically-determined injury or impairment of a nonpermanent nature to his cervical or lumbar spine which prevented him from performing substantially all of the material acts that constituted his usual and customary daily activities during the 180 days immediately following the subject accident.

Since the defendant failed to satisfy his prima facie burden, it is unnecessary to consider whether the plaintiff's papers submitted in opposition were sufficient to raise a triable issue of fact (*see Talabi v Diallo, supra; Sayers v Hot, supra; Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Crane, J.P., Santucci, Mastro and Lifson, JJ., concur.