MICHAEL WILLIAMS et al., Respondents, v SARA PERALTA et al., Appellants. [831 NYS2d 208]—

In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered July 21, 2006, which denied, as untimely, their motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court entered September 18, 2006 which denied their motion, denominated as one for leave to renew and reargue, but which, in actuality, was for leave to reargue their prior motion.

Ordered that the appeal from the order entered September 18, 2006 is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered July 21, 2006 is affirmed, without costs or disbursements.

This is a personal injury action which arises out of a 1998 automobile accident. In 2005 the defendants moved for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d). The court denied the motion as untimely, stating in part, that "any motion for summary judgment was to be made within [30] days after the date of the filing of the note of issue." The court stated that "the note of issue [here] was filed on December 5, 2003 . . . . [but] the instant motion was not made until December 29, 2005." Thereafter, the defendants submitted a motion, denominated as one for leave to renew and reargue, arguing that their prior motion for summary judgment was timely because it was made within 120 days after plaintiffs' most recent note of issue, which was dated December 12, 2005. The court denied reargument and renewal.

Initially, we note that the defendants' motion, denominated as one for leave to renew and reargue, was, in actuality, one for leave to reargue because it was not based upon new facts that were unavailable at the time of the original motion (*see Piacentini v Mineola Union Free School Dist.*, 279 AD2d 513 [2001]). Accordingly, the appeal from the order entered September 18, 2006 must be dismissed, as no appeal lies from an order denying a motion for leave to reargue (*see Levins v Boyarsky*, 283 AD2d 612 [2001]; *Schumer v Levine*, 208 AD2d 605 [1994]).

The court improperly denied the defendants' motion for summary judgment on the basis that it was untimely. In an order dated November 23, 2005 the court vacated the plaintiffs' note of issue, struck the case from the calendar, and instructed the plaintiffs to file a new note of issue within 30 days. As noted, the plaintiffs filed a new note of issue on December 12, 2005. It is undisputed that the defendants' motion for summary judgment was brought approximately two weeks later on December 29, 2005. Accordingly, the motion was not untimely pursuant to CPLR 3212 (a) (*see Farrington v Heidkamp*, 26 AD3d 459 [2006]; *Johnson v Ladin*, 18 AD3d 439 [2005]; *Mohamed v City of New Rochelle Police Dept.*, 290 AD2d 425 [2002]; *Lebreton v New York City Tr. Auth.*, 267 AD2d 211 [1999]; *Bono v Barzallo*, 260 AD2d 592 [1999]).

However, we affirm the denial of summary judgment for a different reason. The defendants failed to make a prima facie showing that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' moving papers failed to refute the allegations made by each of the plaintiffs, as contained in their bill of particulars, that as a result of the accident they each sustained an injury which prevented them from performing substantially all of the material acts which constituted their usual and customary daily activity for a period of not less than 90 days during the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]; *Nakanishi v Sadaqat*, 35 AD3d 416 [2006]; *Sayers v Hot*, 23 AD3d 453 [2005]; *Nembhard v Delatorre*, 16 AD3d 390 [2005]; *Kawasaki v Hertz Corp.*, 199 AD2d 46 [1993]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiffs' papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.