■ SHAMEEKA WILLIAMS, Appellant, v AMB HASSAN et al., Respondents. [835 NYS2d 214]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated February 27, 2006, as granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

The Supreme Court erred in granting the defendants' cross motion for summary judgment dismissing the complaint. The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' moving papers did not address the allegations made by the plaintiff, as contained in the plaintiff's bill of particulars which was submitted in support of the cross motion, that as a result of the accident she sustained an injury which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activity for a period of not less than 90 days during the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]; *Nakanishi v Sadaqat*, 35 AD3d 416 [2006]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]; *Nembhard v Delatorre*, 16 AD3d 390, 391 [2005]; *Kawasaki v Hertz Corp.*, 199 AD2d 46 [1993]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to reach the question of whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Spolzino, Fisher, Lifson and Dickerson, JJ., concur.