■ Dora Chicas et al., Appellants, v Phyllis Catalano, Respondent. [833 NYS2d 625]—In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brennan, J.), dated January 10, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither

of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The Supreme Court erred in granting the defendant's motion. The defendant failed to make a prima facie showing that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendant's moving papers failed to address the allegations made by each of the plaintiffs, as contained in their bill of particulars, that as a result of the accident they each sustained an injury which prevented them from performing substantially all of the material acts which constituted their usual and customary daily activity for a period of not less than 90 days during the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]; *Nakanishi v Sadaqat*, 35 AD3d 416 [2006]; *Sayers v Hot*, 23 AD3d 453 [2005]; *Nembhard v Delatorre*, 16 AD3d 390 [2005]; *Kawasaki v Hertz Corp.*, 199 AD2d 46 [1993]). Since the defendant failed to establish her prima facie entitlement to judgment as a matter of law in the first instance, it is unnecessary to reach the question of whether the plaintiffs' papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.