■ IDA B. CHALUISSANT FIGUEROA et al., Respondents, v DALMAR CAR SERVICE CORP. et al., Appellants, et al., Defendant. [835 NYS2d 916]—In an action to recover damages for personal injuries, etc., the defendants Dalmar Car Service Corp. and Edvardo Hernandez appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated September 22, 2006, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the injured plaintiff Ida B. Chaluissant Figueroa did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court correctly denied the motion of the defendants Dalmar Car Service Corp. and Edvardo Hernandez (hereinafter the defendants) for summary judgment dismissing the complaint insofar as asserted against them. The defendants failed to make a prima facie showing that the plaintiff Ida B. Chaluissant Figueroa (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' moving papers did not address the allegations made by the injured plaintiff, as contained in her bill of particulars which was submitted in support of the motion, that as a result of the accident she sustained an injury which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activity for a period of not less than 90 days during the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]; *Nakanishi v Sadaqat*, 35 AD3d 416 [2006]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]; *Nembhard v Delatorre*, 16 AD3d 390, 391 [2005]; *Kawasaki v Hertz Corp.*, 199 AD2d 46 [1993]). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to reach the question of whether the injured plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Schmidt, J.P., Krausman, Goldstein, Covello and Angiolillo, JJ., concur.