*744 OPINION OF THE COURT
John M. Galasso, J.
Defendants’ motion for an order pursuant to CPLR 3212 granting summary judgment in their favor and dismissing the summons and complaint of plaintiff upon the grounds that, as a matter of law, plaintiff has not suffered a serious injury as defined by Insurance Law § 5102 (d) is granted.
This case involves a motor vehicle accident that occurred on August 12, 2005, resulting in plaintiffs claim of serious injury as defined under Insurance Law § 5102 (d).
Movants have sustained their initial burden of submitting evidentiary proof in admissible form to warrant the objective findings that plaintiff has not suffered a serious injury, including the affirmed reports of Doctors Frank Hudak and Steven Mendelsohn, who concluded that there were no positive objective physical findings that plaintiff sustained any substantial or permanent injuries or disability as a result of the subject accident Csee Grossman v Wright, 268 AD2d 79 [2000]; Guzman v Michael Mgt., 266 AD2d 508 [1999]).
The court also finds that defendants demonstrated a prima facie entitlement to judgment under the 90/180 days’ threshold category. Plaintiffs bill of particulars specifically claimed injury under this category as well as the permanent consequential limitation of use and significant limitation of use categories.
Defendants’ expert radiologist, Dr. Mendelsohn, completely refuted plaintiffs right knee MRI report which concluded that plaintiff had a tearing of the medial meniscus. He agreed, however, with the finding based on the MRI taken of plaintiffs lumbar spine that there was no focal disc herniation, Dr. Mendelsohn determined that instead plaintiff had mild age-related degenerative changes to the lower lumbar spine.
Although defendants’ doctors did not expressly state an opinion as to whether plaintiff suffered an injury under the 90/ 180 days’ threshold category, defendants submitted a copy of plaintiffs deposition transcript taken before his independent medical examination to evince plaintiff returned to work after two weeks and that plaintiffs job responsibilities changed from driver to dispatcher only because his coworker was fired. Plaintiff admitted that there were no changes in his activities after the accident.
The First and Fourth Departments have both held that a defendant can meet his or her prima facie proof under this cate *745 gory by submitting excerpts from a plaintiffs deposition testimony (Robinson v Polasky, 32 AD2d 1215; Lopez v Carpio-Ceballo, 20 AD3d 336 [2005]). To the contrary, the Second Department has ruled that defendants’ doctors must specifically address this category in their opinions (Jocelyn v Singh Airport Serv., 35 AD3d 668 [2006]; Talabi v Diallo, 32 AD3d 1014 [2006]; Sayers v Hot, 23 AD3d 453 [2005]).
This court determines that when a plaintiff makes a claim under this category in a bill of particulars and that claim is contradicted by plaintiffs own testimony taken before the independent medical examinations are conducted, a plaintiff has effectively abandoned it for purposes of defendant’s initial burden of proof on a threshold motion.
The court reaches this conclusion because, while a bill of particulars is an amplification of a pleading designed to particularize those claims and alert a defendant over which claims plaintiff will have the burden of proof at trial, the bill’s demand containing the questions plaintiff must answer is codified by CPLR 3043 (a). This in turn leads to an almost rote assertion at this early stage of the action of the threshold troika of the 90/180 days, significant limitation and permanent consequential categories in order to avoid preclusion later on (cf. Siegel, NY Prac §§ 238, 241, at 405 n 2).
It is not until disclosure takes place that defendant’s and often plaintiff’s counsel learn for the first time a particular claim is without foundation or cannot be pursued. Plaintiff’s own sworn acknowledgments during an examination before trial reveal the deficiency. This allows the defendants, as well as plaintiff, to focus on plaintiffs arguably meritorious contentions (id. § 358).
CPLR 3117 (a) (2) allows the use of a deposition for any purpose by an adverse party, including its use as evidence-in-chief in a summary judgment motion (Connor, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3117:3). Therefore, the inclusion of plaintiffs deposition in support of defendants’ motion to dismiss, standing alone, should be sufficient to raise a prima facie entitlement to judgment even when the defendant acknowledges that plaintiff suffered an injury due to the accident, albeit slight or resolved.
A medical opinion by the defendant at this juncture should not be necessary because this threshold category is based essentially upon a two-pronged test, causation being assumed, of objective medical proof along with some admissible evidence *746 demonstrating how the injury adversely affected substantially all of plaintiffs usual and customary daily activities of life (DiNunzio v County of Suffolk, 256 AD2d 498 [1998]).
At trial plaintiff must satisfy both aspects with evidentiary proof (see June v Gonet, 298 AD2d 811 [2002]; PJI 2:88G). This is why case law has determined that an injury standing alone does not necessarily establish a serious injury as defined by the Insurance Law (see generally, Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]).
It follows, then, that defendants need disprove only one aspect of the category in order to meet their burden of proof. This can be done through plaintiffs own testimony, regardless of what is alleged in the bill of particulars.
To hold otherwise is to place defendants at a tremendous disadvantage vis-á-vis a summary motion and force defendants to proffer a medical opinion as to plaintiffs condition shortly following the accident after examining a plaintiff well after the accident. Rendering a competent opinion would be difficult, if not impossible. Indeed, that is exactly one of the arguments maintained by plaintiff in the case at bar (see Tuna v Babendererde, 32 AD3d 574 [2006]).
On the other hand, under ordinary circumstances a plaintiffs medical proof should be contemporaneous with the accident (Cooper v Dunn, 2001 WL 138864, 2001 US Dist LEXIS 881 [US Dist Ct, ED NY]; e.g., Pierre v Nanton, 279 AD2d 621 [2001]; cf. Schaefer v Pierce, 205 AD2d 521 [1994]), and it is without question that any medical opinion based upon incomplete or false information is without probative value (see generally, Kallicharan v Sooknanan, 282 AD2d 573 [2001]; Ventra v United States, 121 F Supp 2d 326 [2000]).
Consequently, had plaintiff revealed to his physician in the first instance that the accident did not affect his daily activities, any medical opinion finding that plaintiff suffered a serious injury under this category would be mere speculation as a matter of law (cf. Bell v Rameau, 29 AD3d 839 [2006]). Defendants are entitled to rely on this fundamental rule of law without having to prove a negative through a medical expert.
Finally, if the trial court is charged with weeding out frivolous claims (Toure v Avis, supra) it should be able to reach its own conclusion without benefit of a medical opinion regarding an assessment of plaintiffs daily activities. Then, at that juncture, plaintiff still will be provided the opportunity to support the *747 claim upon competent objective medical evidence that may be in his possession.
In any event, in the case at bar, defendants’ expert totally refuted the conclusions contained in the plaintiffs MRI reports. That, in the undersigned’s estimation, is the functional equivalent of an express statement that there is no objective medical evidence supporting plaintiffs theory under the 90/180 days’ threshold category.
Accordingly, since the court finds the defendants have sustained their initial burden, plaintiff must now come forward with some admissible evidence demonstrating a serious injury within the meaning of the No-Fault Law (Gaddy v Eyler, 79 NY2d 955 [1992]). This he has failed to do.
In support of his opposition, plaintiff submits several unaffirmed medical records which the court may not consider (Grasso v Angerami, 79 NY2d 813 [1991]; Holder v Brown, 18 AD3d 815 [2005]).
In addition, Dr. Dov Berkowitz’ affirmed letter dated April 16, 2007 fails to explain the gap in treatment of almost IV2 years (Pommells v Perez, 4 NY3d 566 [2005]; Franchini v Palmieri, 1 NY3d 536 [2003]; Ali v Vasquez, 19 AD3d 520 [2005]). Plaintiffs high blood pressure noted at his last examination, occurring so long ago, is not a sufficient explanation for the length of the gap.
Furthermore, Dr. Berkowitz’ affirmation states plaintiff can fully extend his leg and his flexion is about 120 degrees albeit with complaints of pain. Dr. Berkowitz’ report dated October 3, 2005 noted flexion at 100 degrees. Neither the letter/affirmation or the unaffirmed report sets forth the normal range of motion for comparison purposes (see Yashayev v Rodriguez, 28 AD3d 651 [2006]) or expresses a qualitative analysis regarding the significance of the alleged limitation (Toure v Avis, supra).
For that the court looks to plaintiffs deposition testimony where he stated the injury bothers him because “When I bend down the knee hurts.” This minor physical limitation is not significant enough under a qualitative standard, even when viewed with an objective quantitative assessment that plaintiff suffered a knee injury as a result of the accident (cf. Pianka v Pereira, 24 AD3d 1084 [2005]).
Moreover, this Department holds that when plaintiff’s examining medical provider impermissibly relies upon unsworn or unaffirmed reports of a hospital and other medical profes *748 sionals, his affidavit fails to raise an issue of fact (Moore v Sarwar, 29 AD3d 752 [2006]). Nor can a provider rely on subjective complaints of pain (Pianka v Pereira, supra; Savattere v Barnathan, 280 AD2d 537 [2001]).
Finally, plaintiff has failed to demonstrate with any evidence, medical or otherwise, that he was unable to perform substantially all of his usual and customary daily activities (DiNunzio v Suffolk, supra; Moore v Sarwar, supra).
Accordingly, defendants’ motion (seq. No. 001) is granted and the complaint is dismissed.
Consequently, plaintiff’s motion (seq. No. 002) for partial summary judgment on the issue of liability is denied as moot.