■ VIVIEN KRIEGER, Appellant, v OUMAR DIALLO et al., Respondents, et al., Defendants. [878 NYS2d 361]—

Order, Supreme Court, Bronx County (Cynthia S. Kern, J.), entered October 20, 2008, which, to the extent appealed from, granted the motion by defendants Diallo and Fernandez for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

In opposition to defendants' prima facie showing that plaintiff did not suffer a serious injury causally related to the motor vehicle accident, plaintiff failed to raise a triable question of fact as to the purported injuries to her cervical and lumbar spine and jaw (*see Lopez v Carpio-Ceballo*, 20 AD3d 336 [2005]). The accident occurred in early September 2006, but there is no evidence that plaintiff received any medical treatment related thereto beyond December of that year, and her physical therapy sessions terminated in April 2007. Plaintiff's visit and consultation with her doctor in January 2008 appear to have been related only to the present litigation. Her claim of serious injury is undermined by her unexplained cessation of treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). Moreover, her experts never correlated her deficits to this accident, and thus failed to offer objective medical proof of a causally related serious injury. An expert's conclusory statements in this regard, unsupported by probative evidence, are insufficient to defeat summary judgment (*see Mitchell v Atlantic Paratrans of NYC, Inc.*, 57 AD3d 336, 337 [2008]).

Plaintiff has also failed to present any evidence of inability to perform her usual and customary daily activities for at least 90 of the 180 days following the accident. Concur—Mazzarelli, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.