■ KEITH MILLS, Respondent, v CITY OF NEW YORK et al., Appellants. [39 NYS3d 817]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Kerrigan, J.), entered December 15, 2015, which granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries during the course

of his employment when a ladder which he was using to descend from a scaffold shifted and fell, causing him to fall to the ground. The plaintiff thereafter commenced this action against the defendants to recover damages for personal injuries, alleging negligence and violations of the Labor Law. After discovery had been completed, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). The defendants opposed the motion and argued, among other things, that the motion was untimely because it was made more than 120 days after the note of issue was filed. The Supreme Court granted the motion and found, inter alia, that since the note of issue was vacated while the plaintiff's motion was pending, the motion was not untimely. We affirm.

The defendants' sole contention on appeal is that the plaintiff's motion was untimely. Contrary to the defendants' contention, since the note of issue was vacated while the plaintiff's motion was pending, the motion was not untimely, and the Supreme Court properly considered it (*see Vinueza v Tarar*, 100 AD3d 742 [2012]; *Williams v Peralta*, 37 AD3d 712 [2007]; *Farrington v Heidkamp*, 26 AD3d 459 [2006]).

In light of our determination, we need not address the plaintiff's remaining contention. Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.